# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 21, 2010

No. 10-30464
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY WILLIAMS

Plaintiff-Appellant

v.

CLASSIC LOCKSMITH, L.L.C.;
GARY M. TILLEY;
FLUOR ENTERPRISES, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court for
the Western District of Louisiana
USDC No. 2:06-CV-1547

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rodney Williams ("Williams") appeals the district court's order granting summary judgment for Defendants-Appellees Classic Locksmith, L.L.C. ("Classic"), and Gary M. Tilley ("Tilley").[1]  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Defendant-Appellee Fluor Enterprises, Incorporated was dismissed as a defendant pursuant to an earlier order by the district court.  Williams does not appeal that earlier order.

No. 10-30464

On appeal, Williams raises three issues. First, that the district court erred when it ruled that the contract had been validly terminated because Williams contends he did not receive fair notice. Second, he argues that the district court erred when it ruled that the contract had been validly terminated because Williams contends that Classic acted in bad faith. And third, Williams argues that district court erred when it ruled that the agreement between Williams and Classic was of unspecified duration.

Williams has waived his first two issues by not raising them at the district court. *Marco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). Williams argues that he brought a breach of contract action, which implicitly contains the concepts of reasonable notice and bad faith. However, Williams misapprehends waiver, which applies to arguments, not causes of action. And, "'[e]ven an issue raised in the complaint but ignored at summary judgment may be deemed waived.'" *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 113 (5th Cir. 2010) (quoting *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995)). Williams has waived his first two issues based on reasonable notice and bad faith.

As his third issue, Williams argues that the district court erred when it held that the letter agreement was of unspecified duration and could, therefore, be terminated at will by either party pursuant to Louisiana Civil Code art. 2024.[2] Williams contends that the district court should have read § 2024 in parity with § 1778, which outlines the various types of terms of performance.[3]

---

[2] "A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party." LA. CIV. CODE art. 2024.

[3]    A term for the performance of an obligation is a period of time either certain or uncertain. It is certain when it is fixed. It is uncertain when it is not fixed but is determinable either by the intent of the parties or by the occurrence of a future and certain

No. 10-30464

According to Williams, since the agreement was for delivery of mobile homes and travel trailers for FEMA in the wake of Hurricane Katrina, the contract term was determinable by a future event, namely FEMA's continued need for mobile homes and travel trailers.

Assuming that the agreement was a valid contract—a determination we are not making here—we are not convinced that the "future event" discussed in § 1778 is broad enough to cover the facts of this case. The examples the Louisiana Code gives of terms that were not fixed but determinable from future and certain events involved events that were specific identifiable moments in time that served as a single reference point. LA. CIV. CODE § 1778, cmts. b, d, e (date of a person's death, date of a wedding, harvest of a crop). Louisiana case law also follows this pattern of determining duration with reference to a specific identifiable event. *See, e.g., Caddo Gas Gathering L.L.C. v. Regency Intrastate Gas LLC*, 26 So. 3d 233, 237–38 (La. Ct. App. 2009) (duration of gas transportation agreement determinable by useful life of pipeline); *Schultz v. Hill*, 840 So. 2d 641, 645 (La. Ct. App. 2003) (duration of agreement for real estate commissions determined by expiration of lease). Here, FEMA's need for trailers cannot be described as a single definable moment at which the contract would terminate. The duration of the agreement was undeterminable and, thus, terminable at will by either party.

AFFIRMED.

---

event. It is also uncertain when it is not determinable, in which case the obligation must be performed within a reasonable time.

LA. CIV. CODE art. 1778.

3